## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOPE LEE-THOMAS, | ) | |
| | ) | Case No. __1:18-cv-591_____ |
| Plaintiff, | ) | |
| v. | ) | Assigned to: |
| | ) | |
| LAB CORP | ) | |
| | ) | removed from the Superior Court |
| | ) | for the District of Columbia, Civil |
| Defendants. | ) | Division, Case No. 2018 CA 000263 B |
| | ) | |

## DEFENDANT LABORATORY CORPORATION OF AMERICA'S
## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant "LabCorp"[1] hereby gives notice that the above-captioned action pending in the Superior Court for the District of Columbia is hereby removed to the United States District Court for the District of Columbia. In support of removal, LabCorp respectfully states the following:

## GROUNDS FOR REMOVAL

### I.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

1.     On or about January 12, 2017 Hope Lee-Thomas ("Plaintiff") filed this action entitled *Thomas v. Lab Corp.*, Case No. 2018 000263 B, in the Superior Court for the District of Columbia ("Complaint").

2.     LabCorp was served with a copy of the Final Notice for the Complaint on February 13, 2018 and filed its acknowledgement on February 15, 2018. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.     No further proceedings have been had in this action.

---

[1] The named defendant, "Lab Corp," is not a legal entity. As such, this Motion to Dismiss is filed on behalf of Laboratory Corporation of America, a/k/a "LabCorp."

19677057-v1

4.     No previous application has been made for the relief requested herein.

5.     Removal to this Court is proper because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).  Therefore, this action is properly removed to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 88.

6.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon LabCorp, which include the Summons and Complaint, Acknowledgement of Suit, and LabCorp's Motion to Dismiss are attached hereto collectively as Exhibit 1.

7.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon the Plaintiff and a copy is being filed with the Clerk of the Superior Court for the District of Columbia.

8.     A copy of the civil cover sheet is attached hereto as Exhibit 2.

9.     If any question arises regarding the propriety of the removal of this action, LabCorp respectfully requests the opportunity to present briefing and/or oral argument in support of their position that this case is removable.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.     <u>There is complete diversity between the parties.</u>

2.     Plaintiff is now, and was at the time of the filing of the Complaint, a resident of the District of Columbia.  (*See* Complaint.)  Accordingly, LabCorp avers that Plaintiff is now, and was at the time of the filing of this action, a resident, and therefore a domiciliary and citizen, of

2

the District of Columbia.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)) (A party's residence is "prima facie" evidence of citizenship.); *Weiner v. Zeneca Pharm. Found.*, 1999 WL 342247, * 2 (E.D.N.Y. May 14, 1999) (residence at the time a lawsuit is filed is prima facie evidence of an individual's citizenship) (citations omitted); *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (the place where a person lives is properly taken to be that person's domicile until established to the contrary)).

3.      LabCorp is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in North Carolina and, therefore, is a citizen of Delaware and North Carolina for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

4.      Hence, there is complete diversity between the plaintiff and defendant in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

5.      LabCorp is the sole defendant in this matter.

**B.      The amount in controversy requirement is satisfied.**

6.      It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs.  Indeed, Plaintiff demands judgment against LabCorp in the sum of $300,000.00.  (*See* Complaint.)  Thus, Plaintiff's claim for damages exceeds this Court's minimum $75,000 jurisdictional limit.  28 U.S.C. § 1332(a).

WHEREFORE, Defendant LabCorp respectfully removes this action from the Superior Court for the District of Columbia to this Court pursuant to 28 U.S.C. § 1441.

19677057-v1

DATED:  March 16, 2018                Respectfully submitted,

/s/ Bruce R. Parker

Bruce R. Parker (Bar No. 437418)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
brparker@venable.com
(410) 244-7400
(410) 244-7742 (fax)

*Attorney for Laboratory Corporation of America Holdings*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 16th day of March, 2018, I filed the foregoing *Notice*

*of Removal* with the Clerk of the Court.

I FURTHER CERTIFY that on the 16th day of March, 2018, a copy of the foregoing

*Notice of Removal* was sent by certified mail to:

Hope Lee Thomas
4412 Dubois Place SE
Washington, D.C. 20019

*Plaintiff, proceeding pro se*

/s/ Bruce R. Parker
Bruce R. Parker (Bar No. 437418)