# EXHIBIT 1



**Superior Court of the District of Columbia**
**CIVIL DIVISION - Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

LEE-THOMAS, HOPE
_____
                    *Plaintiff(s)*

Case No: 2018 CA 000263 B

v.

LAB CORP
_____
                    *Defendant(s)*

## FINAL NOTICE

To (insert name and address of the party to be served):

LAB CORP
_____
1150 Varnum Street NE
_____
Washington, DC 20017
_____
_____

The enclosed summons, complaint, initial order, and any addendum are served in accordance with Superior Court Rule of Civil Procedure 4(c)(5).

Our records indicate that on 01-16-2018 (insert date), a Notice and Acknowledgment of Receipt of Summons, Complaint, Initial Order, and Any Addendum ("Notice and Acknowledgment") was sent to you at this address. Under Rule 4(c)(5), a person who receives a Notice and Acknowledgement has 21 days to complete and return it, thereby acknowledging and accepting service. You are being sent this Final Notice because 21 days have elapsed since the initial Notice and Acknowledgment was mailed, and the sender has not yet received a signed copy in the mail.

Please sign and date the Acknowledgement on the second page of this Final Notice. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, please indicate your relationship to that entity in the space beside your signature. If you are served on behalf of another person and you are authorized to receive process, please indicate your authority in the space beside your signature.

If you do not complete and return this form to the sender within 7 days and you do not show good cause for this failure, you (or the other party on whose behalf you are being served) will be required to pay the 1) the costs incurred in serving the summons, complaint, initial order, and any addendum in any other manner permitted by law and 2) the reasonable expenses, including attorney's fees, for any motion required to collect those service expenses.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days after you have signed, dated, and returned the form (or within 60 days if the party being served is the United States, the District of Columbia, or officers or employees of either). If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Final Notice and Acknowledgment of Receipt of Summons, Complaint, Initial Order, and Any Addendum was mailed on (insert date): 02-06-2018 .

_____
*Signature*

2 6 18
_____
*Date of Signature*

Para pedir una traducción, llame al (202) 879-4828      如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828      [Amharic] (202) 879-4828 [Amharic]      번역을 원하시면, (202) 879-4828 로 전화주십시요

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS,
## COMPLAINT, INITIAL ORDER, AND ANY ADDENDUM

I (print name) _____ received a copy of the summons, complaint, initial order, and any addendum in the above captioned matter at (insert address): _____
_____
_____

_____            _____            _____
*Signature*                        *Relationship to Defendant/Authority*   *Date of Signature*
                                   *to Receive Service*

CA 1-B [Rev. December 2017]                                              Super. Ct. Civ. R. 4

Form CA 1-A: Notice and Acknowledge for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LEE−THOMAS, HOPE
_____
*Plaintiff(s)*

v.                                          Case No: 2018 CA 000263 B
                                            _____

LAB CORP
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
LAB CORP
1150 Varnum Street, NE
WASHINGTON, DC 20017

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 01/16/2018

Norman Barrett
Deputy Clerk

_____          JAN 1 6 2018
*Signature*                                 _____
                                            *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____          _____          _____
*Signature*                        *Relationship to Defendant/Authority*   *Date of Signature*
                                   *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828        (으)로 번역이 필요하시면 (202) 879-4828 로 전화주십시요



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

HOPE LEE-THOMAS
Vs.                                                    C.A. No.        2018 CA 000263 B
LAB CORP

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge BRIAN F HOLEMAN
Date:   January 12, 2018
Initial Conference: 9:30 am, Friday, April 27, 2018
Location:   Courtroom 516
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at http://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Hope Lee-Thomas

_____
Plaintiff

**18 - 0 0 0 0 2 6 3**

vs.

Case Number _____

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓Lab Corp

_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Hope Lee-Thomas
_____
Name of Plaintiff's Attorney

4412 Dubois Pl SE
_____
Address

WDC 20019
_____

202-584-5380
_____
Telephone

*Clerk of the Court*

_____
By

_____
Deputy Clerk

Date  1/12/2018

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오.     ያስተርጉም ከፈለጉ አማርኛ (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                          Demandante

contra                                                          **18 - 0 0 0 0 2 6 3**

                                              Número de Caso: _____

_____
                          Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                              Por: _____

_____                              Subsecretario
Dirección

                                              Fecha _____

_____
Teléfono

如需翻译，请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202)879-4828로 전화주십시오         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                              Super. Ct. Civ. R. 4

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Hope Lee-Thomas
4412 Dubois Place, SE
Washington, DC 20019

*Plaintiff*

18 - 0 0 0 0 2 6 3

CIVIL Action No. [                    ]

~~~~~~~~~~ Lab Corp.
*Defendants*
1150 Varnum Street, NE
Washington, DC 20017 - 2180

COMPLAINT

FILED
CIVIL ACTIONS BRANCH
JAN 1 2 2017
Superior Court
of the District of Columbia
Washington, D.C.

1.   Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

See Attached.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 300,000.00
with interest and costs.

202 - 584 - 5386
Phone:

DISTRICT OF COLUMBIA, SS

Hope Lee-Thomas

being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

*Hope E. Lee-Thomas*
(Plaintiff)                                      Agent)

Subscribed and sworn to before me this 12 day of January 2018

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

18-0000263





**Office of Human Rights**
DISTRICT OF COLUMBIA

## OHR QUESTIONNAIRE-PUBLIC ACCOMMODATION

*Required Fields

### 1. COMPLAINANT

| | |
|---|---|
| *Today's Date: 10-10-17 | *Name: Hope E. Lee-Thomas |

*Address: 4412 Dubois Place S.E., WDC 20019

| | |
|---|---|
| E-mail: jaytea1203@verizon.net | *What language do you prefer to communicate in? |
| *Home Tel #: (202) 584-5386 | ☒English ☐Spanish ☐Amharic ☐Chinese ☐Vietnamese ☐Korean ☒Other (Please list) ASL, Oral Translators |
| Work Tel #: (301) 817-0310 | CART, or Phonak Tower with microphone |

**IF REPRESENTED BY LEGAL COUNSEL, PLEASE PROVIDE THE FOLLOWING:**
Name: _____ Telephone/Fax: _____
Address: _____ E-mail Address _____
*Please note: If you are represented by counsel or retain counsel prior to your scheduled intake interview, the counsel must either (1) be present with you for the duration of your intake interview, or (2) withdraw his/her appearance from the interview by submitting a letter to the Office indicating that the interview may take place without his/her representation.

Do you require a reasonable accommodation? If so, please explain:
Yes, ASL Interpreter/Oral Translators, or CART, or Phonak Tower with microphone
Do you require language interpretation? If so, what language? ASL

### 2. RESPONDENT

Name of company or organization:
Providence Hospital/LabCorp     (202) 440-1183 & (Providence Hosp.)
Name and Title of principal officer (i.e. President, Owner, Human Resources Manager):   Janell Butler
Patient Relations / Sha'Ron Carson, Technician LabCorp/LabCorp Manager
Address 1150 Varnum Street N.E., WDC 20017-2180 City/State/Zip
Tel #: (202) 854-7000  Fax #:     E-mail Address:

### 3. BASIS OF COMPLAINT

The basis is one of the below listed categories to which you belong and believe that you were treated differently because you belong or are perceived to belong in that category.

*Do you feel you were discriminated against because of your: (Please check appropriate box).

| | | | | | |
|---|---|---|---|---|---|
| ☐ Race | ☐ Sex | ☐ Age | ☐ Family Responsibilities | ☐ Matriculation | ☐ Source of Income |
| ☐ Color | ☐ Disability | ☐ Genetic Information | ☐ Gender Identity or Gender Expression | ☐ Marital Status | ☐ Familial Status |
| ☐ National Origin | ☐ Religion | ☐ Personal Appearance | ☐ Political Affiliation | ☐ Sexual Orientation | ☐ Place of Residence or Business |

### 4. JURISDICTION

*Please check all that apply:

☒ Alleged violation occurred in the District of Columbia.
☒ Alleged violation occurred 365 days or less from today's date.
☒ You have not commenced any other action, civil, criminal, or administrative in any other forum based on the same unlawful discriminatory practice described herein.

## 5. PUBLIC ACCOMODATION
*What action was taken that made you feel you were treated differently?*

Privacy under HIPPA Law

☒ Failure to Accommodate (i.e. Religion, Disability)   ☐ Denial of Service   ☒ Other: HIPPA LAW Violated

*Date of alleged incident: 6-15-17   *Service you requested: More Privacy at LabCorp within Providence Hospital

Person who denied your service request (if known):
Name: Providence Hospital   Title: _____

How is this person different from you? (i.e. what is this person's protected basis?  See Section 3 for complete list of basis.)
_____

Have you tried to resolve this matter with the Respondent?  If so, please describe with whom you spoke and their response:

I informed the technician onsite for LabCorp within Providence Hospital that the set up with LabCorp being side by side with Quest being treated at the same time was in violation of HIPPA Law.

## 6. YOUR COMPLAINT
*Describe in detail the reason(s) that led you to file a complaint of discrimination. Please declare as well as the name(s) of the person(s) who discriminated against you in denying educational services. If this is a disability-based complaint, please specify whether or not accommodation was requested; the person the complaint was submitted to; and the date Respondent was notified of your disability.*

On June 15, 2017, I, (Ms. Hope Lee-Thomas) went to Providence Hospital to be treated at LabCorp within their facility and noticed that the set-up station was for LabCorp and Quest patients side by side. I informed the technician for LabCorp named Sha'Ron Carson that this set up is in violation of the HIPPA Law and that my health information vs Quest patients information was being disclosed at the same time. The other patient could hear about my health information vs. I could see and hear Quest patients health information. I told Sha'Ron Carson that I was going to report this incident. A photo was taken to show the set-up station for LabCorp/Quest.

The submission of the OHR questionnaire constitutes the date of filing for statute of limitation purposes.
A complete and submitted OHR questionnaire satisfies the requirements of 4DCMR 705.4, 705.5

**Please return this form by email to ohr.intake@dc.gov or 441 4th Street NW, Suite 570N, Washington DC, 20001.**

The DC Office of Human Rights was established to eradicate discrimination, increase equal opportunity and protect human rights for persons who live, work, or visit the District of Columbia. The receipt of this complaint form by the Office of Human Rights will lead to an intake interview.

*Signature of Potential Charging Party*   *Date: 6/15/17*
(please type full name)

RE: 13115972                        * # Case # 17-275-621
(OCR)                               LAW OFFICES



# WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.

BECO TOWERS II
10461 MILL RUN CIRCLE, SUITE #550
OWINGS MILLS, MD 21117

1-800-368-1019

410-559-9000
FAX: 410-559-9009
NORTHERN VA, DC & MD SUBURBS
800-999-8286
EMAIL: MDDOCS@WEINSTOCKLEGAL.COM
WWW.WEINSTOCKLEGAL.COM

PARTNERS
SIDNEY S. FRIEDMAN (MD, DC)
WILLIAM H. THRUSH, JR (MD, DC, VA, PA)
JAMIE B. GLICK (MD, DC)
EDWARD J. FRIEDMAN (1951-2008)

OF COUNSEL
MELVIN J. WEINSTOCK
SHANNON B. KRESHTOOL (MD, DC)

MANAGING ATTORNEYS
REBECCA A. CARTER (MD, DC)

ATTORNEYS
CRAIG A. SCHOENFELD
JASON E. SOLOMON (MD, DC)
JORDAN I. SELZER (MD, DC)
LORETTA TOWNSEND (MD, DC)
MARY R. MCCLIGGOTT (MD, DC, VA)
A. ZACHARY TROPP
RICHARD I HUTSON (VA, MD, OH)
JOSHUA A. WALTERS (MD, DC)
MICHELLE DENTON
FREDA L. KLEINMAN
ELISE STURDIVANT
LAURENCE BOYLAN
SEAN M. TUCK (MD, DC)
KATRINA M. BALDWIN
EMILY HANSON
ROBERT JONES
DEBORAH WILLIAMS STEELE
OWEN HARE
TAMAR FLEISHMAN
AMY KELLER (MD, DC)
JENIFER LAYMAN
SUZANNE KAYS (MD, DC, NJ)
SUSAN KLEIN (MD, DC, VA)
CHRISTOPHER M. BALABAN
SHERRI LICHTMAN

July 3, 2017

ATTN: Patient Relations

Providence Hospital
1150 Varnum Street, NE
Washington, DC 20017-2180

Re:    Hope E. Lee-Thomas
       Our Intake No.: 906202

Dear Sir/Madam:

Please be advised that this office has been requested by Ms. Hope Lee-Thomas, a patient who was treated at LabCorp within your facility, to contact you with regard to the violation of her privacy rights under Title II of the Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA").

Ms. Lee-Thomas presented for treatment at LabCorp at Providence Hospital on June 15, 2017 and was instructed to utilize a computer station to submit her personal health information. As she did so, she became aware that another patient, who was using a Quest Diagnostics computer intake screen directly next to her, was able to view Ms. Lee-Thomas' computer screen, and, thus, her personal health information subject to protection under HIPAA law (please see photo attached hereto).

This situation is unacceptable in light of the requirements placed upon your facility by federal law. It is your obligation to safeguard patients' protected health information and, thus, to provide them with an adequate level of privacy when submitting that information via a computer screen.

Please respond to the undersigned within 21 days of the date of this letter regarding your understanding of your obligation and plans to revise Providence Hospital's and LabCorp's future adherence to HIPAA regulations, by providing an appropriate level of privacy for patients when submitting their personal health information via computer.

Should you fail to respond in the time frame allocated or the manner described, Ms. Lee-Thomas will be advised as to her further legal rights and remedies in this matter.



A+ BBB
Rating

BBB

July 3, 2017
Page 2

RE: 13115972 (OCR)

** Case # 17-275-621

Thank you for your prompt attention and cooperation.

Very truly yours,

WEINSTOCK, FRIEDMAN
& FRIEDMAN, P.A.

*Susanne Kays*

Susanne Kays

SK/

cc:    Hope Lee-Thomas

WEINSTOCK, FRIEDMAN &
FRIEDMAN, P.A.
3ECO TOWERS II
10461 MILL RUN CIRCLE
SUITE 550
OWINGS MILLS, MD 21117

110-559-9000
FAX: 410-559-9009



RE:13115972 (OCR) See below

July 11, 2017

To: Office of Civil Rights

From: Ms. Hope E. Lee-Thomas

** Case # 17-275-621

RE: 13115972

RE: Additional Enclosed Documents for
Case # 17-275-621
Pertaining to Violation of HIPPA Law

Fax # (202) 619-3818

Pages  4

October 10, 2017

To: Office of Human Rights
    441 - 4th Street N.W., Ste 570N
    WDC        20001

Dear Sir or Madam,

This letter confirms that I do not have legal counsel in regards to this case with Providence Hospital / LabCorp within the hospital's facility.

Respectfully submitted,
Ms. Hope E. Lee-Thomas

*Intake # 906202*

Lee-Thomas, Hope E, F, 10/29/1956

☎ 202-584-5386  **MRN:** 13225

Preventive Care Network Services Pc
9001 Woodyard Road Suite C, Clinton, MD 207354264
☎ 301-868-7333

## FINAL RESULT

| Accession ID: 16649686990 | Lab Ref ID: 408546 |
|---|---|
| Order Date: 06/15/2017 | Received: 06/16/2017 09:10:00 |
| Coll. Date: 06/15/2017 14:45:00 | Report: 06/16/2017 09:10:00 |
| Requesting Physician: Herry, Victor | Ordering Physician: Herry, Victor |

# Rheumatoid Arthritis Factor

| NAME | VALUE | REFERENCE RANGE | LAB |
|---|---|---|---|
| F  RA Latex Turbid. | <10.0 | 0.0-13.9 (IU/mL) | BN |

PERFORMING LAB: LabCorp Burlington, 1447 York Court, Burlington, NC 272153361, Phone - 8007624344, Director - MDHancock

Lee-Thomas, Hope E , F, 10/29/1956

Accession ID: 16649686990

June 23, 2017

To: Weinstock, Friedman & Friedman, PA
Attn: Ms. Susanne Kaye), Esq.

From: Ms. Hope E. Lee-Thomas)
      Intake) # 906202

RE: Enclosed Documents from Lab-Corp
    dated June 15, 2017

Also, I will send a photo by email,
of the set-up station for Quest and
Lab-Corp side by side) on 6/15/17.
It was taken by the technician) named
Ms. Sha'Ron Carson.

Fax #   1-(410) 559-9009

Pages   2

*P.S. I will discuss) compensation) with you
   soon in reference to Hippa Law Violations
from LabCorp on 6/15/17. And requesting a more
private set-up for patients!

June 23, 2017

To: Weinstock, Friedman & Friedman PA
Attn: Ms. Susanne Kaye, Esq.

From: Ms. Hope E. Lee-Thomas
        Intake # 906202

RE: Enclosed Documents from Lab Corp
    dated June 15, 2017
    Also, I will send a photo by email
    of the set-up station for Quest and
    Lab Corp side by side on 6/15/17.
    It was taken by the technician named
    Ms. Sha'Ron Carson.

Fax #   1-(410) 559-9009

Pages _____ 2

*P.S. I will discuss compensation with you
      soon in reference to Hippa Law Violations
from LabCorp on 6/15/17. And requesting a more
private set-up for patients!

*Intake # 906202*

Lee-Thomas, Hope E, F, 10/29/1956

☎ 202-584-5386  **MRN:** 13225

Preventive Care Network Services Pc
9001 Woodyard Road Suite C, Clinton, MD 207354284
☎ 301-868-7333

## FINAL RESULT

| | |
|---|---|
| Accession ID: 16649686990 | Lab Ref ID: 408546 |
| Order Date: 06/15/2017 | Received: 06/16/2017 09:10:00 |
| Coll. Date: 06/15/2017 14:45:00 | Report: 06/16/2017 09:10:00 |
| Requesting Physician: Herry, Victor | Ordering Physician: Herry, Victor |

# Rheumatoid Arthritis Factor

| NAME | VALUE | REFERENCE RANGE | LAB |
|---|---|---|---|
| F  RA Latex Turbid. | <10.9 | 0.0-13.9 (IU/mL) | BN |

PERFORMING LAB: LabCorp Burlington, 1447 York Court, Burlington, NC 272153361, Phone - 8007624344, Director - MDHancock

Lee-Thomas, Hope E , F, 10/29/1956

Accession ID: 16649686990

**Preventive Care Network Services Pc**
9001 Woodyard Road
Suite C
Clinton, MD-207354264
Tel: 301-868-7333 Fax: 301-868-9023

# Receipt of Payment

Received
From :        Lee-Thomas, Hope E

Amount :      10.00

Payment
Type :        Credit Card (VISA)

Date :        06/15/2017

Payment ID :  51804

Credit Card
(VISA)
No :          VISA3920

## Charges Details

| Date | Code Description | Units | Fees | Payment |
|------|------------------|-------|------|---------|
| 06/15/2017 | Patient Payment | | | 10.00 |
| | Total | | 0.00 | 10.00 |

## Account Balance Summary

Total Balance : 1270.04

Patient Balance : 625.00

Insurance Balance : 645.04

THE BETTER CAFE
291 WOODYARD RD #1
CLINTON, MD 20735

06/15/2017                    11:02:26

CREDIT CARD
VISA SALE

                              XXXXXXXXXXXX9830
CARD                          0005
                              000C
TRAN #:                       001622
Approval Code:                057420
Entry Method:                 Swiped
Mode:                         Online

SALE AMOUNT            $10.00

CUSTOMER COPY



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Voice - (800) 368-1019
TDD - (202) 619-3257
Fax - (202) 619-3818
http://www.hhs.gov/ocr

Office for Civil Rights
200 Independence Avenue, S.W.,
Room 509F
Washington, DC 20201

November 15, 2017

Hope Lee-Thomas
4412 Dubois Place S.E.
Washington, DC 20019

Re:    OCR Transaction Number: CU-17-275621
       <u>Lee-Thomas, Hope vs. Providence Hospital</u>

Dear Mr. Lee-Thomas:

On July 11, 2017, the U.S. Department of Health and Human Services (HHS), Office for Civil Rights (OCR), received your complaint alleging that Providence Hospital, the covered entity, has violated the Federal Standards for Privacy of Individually Identifiable Health Information and/or the Security Standards for the Protection of Electronic Protected Health Information (45 C.F.R. Parts 160 and 164, Subparts A, C, and E, the Privacy and Security Rules). Specifically, you allege that on June 15, 2017, Providence Hospital had your protected health information (PHI) displayed on a computer screen that was easily visible to other patients. This allegation could reflect a violation of 45 C.F.R. § 164.530(c).

Thank you for bringing this matter to OCR's attention. Your complaint is an integral part of OCR's enforcement efforts.

OCR enforces the Privacy, Security, and Breach Notification Rules, and also Federal civil rights laws which prohibit discrimination in the delivery of health and human services because of race, color, national origin, disability, age, and under certain circumstances, sex and religion.

A covered entity must maintain reasonable and appropriate administrative, technical, and physical safeguards to prevent intentional or unintentional use or disclosure of protected health information (PHI) in violation of the Privacy Rule and to limit its incidental use and disclosure pursuant to otherwise permitted or required use or disclosure. 45 C.F.R. §164.530(c). For example, such safeguards might include shredding documents containing protected health information before discarding them, securing medical records with lock and key or pass code, and limiting access to keys or pass codes.

We have carefully reviewed your complaint against Providence Hospital and have determined to resolve this matter through the provision of technical assistance to Providence Hospital. Should OCR receive a similar allegation of noncompliance against Providence Hospital in the future, OCR may initiate an investigation of that matter.

For your informational purposes, OCR has enclosed material regarding the Privacy Rule provisions related to Safeguards.

Based on the foregoing, OCR is closing this case without further action, effective the date of this letter. OCR's determination as stated in this letter applies only to the allegations in this complaint that were reviewed by OCR.

Under the Freedom of Information Act, we may be required to release this letter and other information about this case upon request by the public. In the event OCR receives such a request, we will make every effort, as permitted by law, to protect information that identifies individuals or that, if released, could constitute a clearly unwarranted invasion of personal privacy.

If you have any questions about this matter, please contact Centralized Case Management Operations at (800) 368-1019 or (202) 619-3257 (TDD).

Sincerely,

Timothy Noonan
Acting Director, CCMO

Enclosure:   Reasonable Safeguards

| English | If you speak a non-English language, call 1-800-368-1019 (TTY: 1-800-537-7697), and you will be connected to an interpreter who will assist you with this document at no cost. |
|---|---|
| Español - Spanish | Si usted habla español marque 1-800-368-1019 (o a la línea de teléfono por texto TTY 1-800-537-7697) y su llamada será conectada con un intérprete que le asistirá con este documento sin costo alguno. |
| 中文 - Chinese | 如果你讲中文，请拨打1-800-368-1019（打字电话：1-800-537-7697），你将被连接到一位讲同语种的翻译员为你提供免费服务。 |
| Tiếng Việt - Vietnamese | Nếu bạn nói tiếng Việt, xin gọi 1-800-368-1019 (TTY: 1-800-537-7697), và bạn sẽ được kết nối với một thông dịch viên, người này sẽ hỗ trợ bạn với tài liệu này miễn phí. |
| 한국어 - Korean | 한국어를 하시면 1-800-368-1019 (청각 장애용: 1-800-537-7697) 로 연락 주세요. 통역관과 연결해서 당신의 서류를 무료로 도와 드리겠습니다. |
| Tagalog (Filipino) | Kung ikaw ay nagsasalita nang Tagalog, tumawag sa 1-800-368-1019 (TTY: 1-800-537-7697) para makonek sa tagapagsalin na tutulong sa iyo sa dokumentong ito na walang bayad. |
| Русский - Russian | Если вы говорите по- русски, наберите 1-800-368-1019. Для клиентов с ограниченными слуховыми и речевыми возможностями: 1-800-537-7697), и вас соединят с русскоговорящим переводчиком, который вам поможет с этим документом безвозмездно. |

## Reasonable Safeguards

### 45 C.F.R. § 164.530 (c)

A covered entity must have in place appropriate administrative, technical, and physical safeguards that protect against uses and disclosures not permitted by the Privacy Rule, as well as that limit incidental uses or disclosures. See 45 C.F.R. §164.530 (c). It is not expected that a covered entity's safeguards guarantee the privacy of protected health information from any and all potential risks. Reasonable safeguards will vary from covered entity to covered entity depending on factors, such as the size of the covered entity and the nature of its business. In implementing reasonable safeguards, covered entities should analyze their own needs and circumstances, such as the nature of the protected health information it holds, and assess the potential risks to patients' privacy. Covered entities should also take into account the potential effects on patient care and may consider other issues, such as the financial and administrative burden of implementing particular safeguards.

Many health care providers and professionals have long made it a practice to ensure reasonable safeguards for individuals' health information – for instance:

- By speaking quietly when discussing a patient's condition with family members in a waiting room or other public area;
- By avoiding using patients' names in public hallways and elevators, and posting signs to remind employees to protect patient confidentiality;
- By isolating or locking file cabinets or records rooms; or
- By providing additional security, such as passwords, on computers maintaining personal information.

Protection of patient confidentiality is an important practice for many health care and health information management professionals; covered entities can build upon those codes of conduct to develop the reasonable safeguards required by the Privacy Rule.




GOVERNMENT OF THE DISTRICT OF COLUMBIA
MURIEL BOWSER, MAYOR

November 28 2017

Hope E. Lee-Thomas
4412 Dubois Place SE
Washington, DC 20019
jaytea1203@verizon.net

**OHR Inquiry Number:**      9424

**RE:**   Dismissal  Hope Lee-Thomas v Providence Hospital/Lab Corp

Dear  Ms. Lee-Thomas,,

*This letter constitutes the Office of Human Rights' (OHR) ORDER for administrative dismissal without prejudice regarding the above referenced matter. The basis for the dismissal is underlined, bolded, and indicated by a check mark below, and a further explanation is provided on the next page.*

✓    The Complainant fails to state a claim for which relief can be granted. 4 DCMR §708.1 (c).

☐    OHR cannot contact the Complainant using the contact information of record and the Complainant has not contacted OHR as follows:

       ☐    OHR was unsuccessful in its attempts on ___ and ___ to contact the Complainant by telephone, e-mail, or mail addressed to the complainant's address of record.

       ☐    The complainant has failed to contact OHR within thirty (30) days of OHR's telephone contact, e-mail, or mail. 4 DCMR §708.1 (a)-(b).

☐    The Complainant has submitted a written request to withdraw the complaint. 4 DCMR §708.1.

☐    The complaint was not filed within one (1) year of the occurrence or discovery of the alleged discriminatory practice. 4 DCMR § 702.1 (a).

☐    The Respondent no longer exists as a result of a court action. 4 DCMR § 708.1 (d).

☐    The alleged unlawful discriminatory practice did not occur within the District of Columbia. 4 DCMR §702.1 (b).

☐    The Respondent does not maintain a presence within the District of Columbia, is not substantially engaged in doing business within the District of Columbia; or is not operating an enterprise which is subject to licensing by the District of Columbia Government. 4 DCMR § 702.1 (c).

☐    OHR lacks jurisdiction over the Respondent or lacks jurisdiction for other reasons. 4 DCMR §§ 708.1 (e) and 707.1.

☐    Respondent is a housing provider exempt under D.C. Code § 2-1402.24.

✓    OHR, in the exercise of its prosecutorial discretion, dismisses this complaint for administrative convenience pursuant to D.C. Code § 2-1403.16(a).





**Further Explanation:**

In a review of the Public Accommodations form, that was submitted by Complainant on October 10, 2017, Complainant alleges she was denied a reasonable accommodation when Complainant noticed that the set-up station for LabCorp and Quest for patient intake were side by side. Complainant states that this set up is in violation of the HIPPA Law. A letter was sent to Respondent from an attorney on July 3, 2017 to inform Respondent of the infraction. However, Complainant alleges no specific facts that support an inference of unlawful discrimination.

For this reason, Complainant's complaint is dismissed.

**Private Cause of Action**

OHR has administratively dismissed this matter without making a determination on the merits. Accordingly, Complainant may file a private cause of action in the D.C. Superior Court. D.C. Code § 2-1403.16(a). The DC Human Rights Act allows claims to be filed within one (1) year from the incidents in question. D.C. Code § 2-1403.04(a). "The timely filing of a complaint with the office shall toll the running of the statute of limitations while the complaint is pending." D.C. Code § 2-1403.16(a).

**Request to Reopen**

A request that OHR reopen an administratively dismissed Human Rights complaint must be submitted to the OHR Director, at ohr.ogc@dc.gov, within 30 days of the date of this letter. 4 DCMR § 708.3. A complaint may be reopened by the OHR Director for good reason or in the interest of justice, based on the Director's discretion, if there has been no OHR determination on the merits. 4 DCMR § 708.4. Complainant has three (3) years from the date of service of this decision to file a Petition for Review with the D.C. Superior Court. See Simpson v. D.C. Office of Human Rights, 597 A. 2d 392, 395 (D.C. 1991).

**Notice Regarding Potential Federal Claims**

Complainant may wish to file an employment discrimination complaint with the Equal Employment Opportunity Commission (EEOC) at 131 M Street, N.E., Fourth Floor, Suite 4NWO2F, Washington, DC 20507-0100, or a housing discrimination complaint with the Department of Housing and Urban Development (HUD) at http://portal.hud.gov/hudportal/HUD?sre=/topics/housing_discrimination based on the allegations contained within the complaint which OHR has dismissed. Or, if a case has already been cross-filed with the EEOC, Complainant may wish to contact the EEOC or to request a right to sue letter.

Sincerely,

Monica Palacio,
Director

---



# Superior Court of the District of Columbia

## CIVIL DIVISION

### 500 Indiana Ave., N.W., Rm—JM-170
### Washington, D.C.   20001

*Plaintiff*

vs.

Civil Action No. _____

*Defendant*

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

_____

_____

_____

_____

_____

_____

_____

_____

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: | ADDRESS: | TELEPHONE NO. |
|---|---|---|
| COPY MAILED TO: (ATTORNEY FOR PLAINTIFF) | | |



**Superior Court of the District of Columbia**
**CIVIL DIVISION - Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

LEE-THOMAS, HOPE
_____
                    *Plaintiff(s)*

                              Case No: 2018 CA 000263 B _____

            v.

LAB CORP
_____
                    *Defendant(s)*

## FINAL NOTICE

To (insert name and address of the party to be served):
LAB CORP
_____
1150 Varnum Street NE
_____
Washington, DC 20017
_____
_____

The enclosed summons, complaint, initial order, and any addendum are served in accordance with Superior Court Rule of Civil Procedure 4(c)(5).

Our records indicate that on 01-16-2018 _____ (insert date), a Notice and Acknowledgment of Receipt of Summons, Complaint, Initial Order, and Any Addendum ("Notice and Acknowledgment") was sent to you at this address. Under Rule 4(c)(5), a person who receives a Notice and Acknowledgement has 21 days to complete and return it, thereby acknowledging and accepting service. You are being sent this Final Notice because 21 days have elapsed since the initial Notice and Acknowledgment was mailed, and the sender has not yet received a signed copy in the mail.

Please sign and date the Acknowledgement on the second page of this Final Notice. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, please indicate your relationship to that entity in the space beside your signature. If you are served on behalf of another person and you are authorized to receive process, please indicate your authority in the space beside your signature.

If you do not complete and return this form to the sender within 7 days and you do not show good cause for this failure, you (or the other party on whose behalf you are being served) will be required to pay the 1) the costs incurred in serving the summons, complaint, initial order, and any addendum in any other manner permitted by law and 2) the reasonable expenses, including attorney's fees, for any motion required to collect those service expenses.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days after you have signed, dated, and returned the form (or within 60 days if the party being served is the United States, the District of Columbia, or officers or employees of either). If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Final Notice and Acknowledgment of Receipt of Summons, Complaint, Initial Order, and Any Addendum was mailed on (insert date): 02-06-2018 _____.

_____                              2/6/18
*Signature*                                                  _____
                                                             *Date of Signature*

Para pedir una traducción, llame al (202) 879-4828     如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828     [Amharic] (202) 879-4828 [Amharic]          번역을 원하시면, (202) 879-4828 로 전화하십시오

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS,
## COMPLAINT, INITIAL ORDER, AND ANY ADDENDUM

I (print name) Damon W.D. Wright _____ received a copy of the summons, complaint, initial order, and any addendum in the above captioned matter at (insert address):

                              Venable LLP
                              _____
                              600 Massachusetts Ave., NW
                              _____
                              Washington, DC 20001
                              _____

Damon W.D. Wright                Counsel                          February 15, 2018
_____  _____  _____
*Signature*                      *Relationship to Defendant/Authority*   *Date of Signature*
                                 *to Receive Service*

CA 1-B [Rev. December 2017]                                           Super. Ct. Civ. R. 4

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| HOPE LEE-THOMAS, | ) | |
| | ) | Case No. 2018 CA 000263 B |
| Plaintiff, | ) | Judge BRIAN F. HOLEMAN |
| v. | ) | |
| | ) | |
| LABCORP | ) | Next Event:  4/27/2018 Initial Conference |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT LABORATORY CORPORATION
## OF AMERICA'S MOTION TO DISMISS

COME NOW Defendant "LabCorp,"[1] by and through undersigned counsel, to submit its Motion to Dismiss and respectfully request this Honorable Court to grant its Motion. In support, Defendant submits the accompany Memorandum of Points and Authorities. A Proposed Order is also attached hereto.

DATED:  March 8, 2018                    Respectfully submitted,

                                                        /s/ Bruce R. Parker
                                                        _____
                                                        Bruce R. Parker (Bar No. 437418)
                                                        VENABLE LLP
                                                        750 E. Pratt Street, Suite 900
                                                        Baltimore, Maryland 21202
                                                        brparker@venable.com
                                                        (410) 244-7400
                                                        (410) 244-7742 (fax)

                                                        *Attorney for Laboratory Corporation of America*

---

[1] The named defendant, "Lab Corp," is not a legal entity.  As such, this Motion to Dismiss is filed on behalf of Laboratory Corporation of America, a/k/a "LabCorp."

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of March, 2018, I filed the foregoing *Motion to Dismiss* electronically through the CaseFileXpress e-filing system.

I FURTHER CERTIFY that on the 8th day of March, 2018, a copy of the foregoing *Motion to Dismiss* was sent by certified mail to the pro se Plaintiff:

Hope Lee Thomas
4412 Dubois Place SE
Washington, D.C. 20019

*Plaintiff, proceeding pro se*

/s/ Bruce R. Parker
Bruce R. Parker

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| HOPE LEE-THOMAS, | ) | |
| | ) | Case No. 2018 CA 000263 B |
| Plaintiff, | ) | Judge BRIAN F. HOLEMAN |
| v. | ) | |
| | ) | |
| LABCORP | ) | Next Event:  4/27/2018 Initial Conference |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff Hope Lee-Thomas alleges that LabCorp[1] failed to adequately protect her privacy and confidentiality in violation of the Health Insurance Portability and Accountability Act ("HIPAA").  However, as HIPAA does not provide individuals with a private right of action, Plaintiff has failed to allege any facts upon which relief can be granted.  The Court should dismiss the Complaint for failure to state a claim.  Sup. Ct. Civ. R. 12(b)(6).

## ARGUMENT

 "[D]ismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege the elements of a legally viable claim."  *Chamberlain v. Am. Honda Fin. Corp.*, 931 A.2d 1018, 1023 (D.C. 2007).  Plaintiff's sole claim is that LabCorp violated HIPAA due to the location of its patient station.  Since the law does not recognize a private cause of action for an alleged HIPAA violation, Plaintiff's claims fail as a matter of law.[2]

Plaintiff visited a LabCorp patient station within Providence Hospital in Washington,

---

[1] The named defendant, "Lab Corp," is not a legal entity.  As such, this Motion to Dismiss is filed on behalf of Laboratory Corporation of America, a/k/a "LabCorp."

[2] The Office of Human Rights also dismissed Plaintiff's administrative complaint because it "fail[ed] to state a claim for which relief can be granted."  (Complaint at 24 (Letter from M. Palacio, OHR Director)).

D.C. on June 15, 2017.  The Complaint alleges that LabCorp's patient station was "in violation of the HIPPA [sic] law" due to the proximity to another laboratory station.  Specifically, Ms. Thomas alleges that other patients could hear and view Plaintiff's disclosure of her health information.  (*See* Complaint at 8).

It is axiomatic that HIPAA does not provide for a private right of action.  *See Brown v. Hill*, 174 F. Supp. 3d 66, 71 (D.D.C. 2016) ("[HIPAA] does not create a private right of action.") (citations omitted); *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 91 (D.D.C. 2014) (finding that HIPAA does not create a private cause of action and dismissing plaintiff's claims); *Hudes v. Aetna Life Ins. Co*., 806 F.Supp.2d 180, 196 (D.D.C. 2011), *aff'd*, 493 Fed.Appx. 107 (D.C. Cir. 2012) ("Plaintiff has no private HIPAA right of action."); *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 237-38 (D.D.C. 2005) (dismissing HIPAA claim involving disclosure of federal employee's medical diagnoses by employer because HIPAA provides no private right of action); *Johnson v. Quander*, 370 F. Supp. 2d 79, 100 (D.D.C. 2005) (dismissing HIPAA claim involving disclosure of DNA information because no private right of action exists under HIPAA); *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004) ("[T]he law specifically indicates that the Secretary of HHS shall pursue the action against an alleged offender, not a private individual").

LabCorp's alleged violation of HIPAA is the only claim put forth by Plaintiff in her Complaint. Consequently, because HIPAA does not provide a private right of action, Plaintiff's claim must be dismissed with prejudice.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court grant its Motion and dismiss the Complaint with prejudice.

## RULE 12-I CERTIFICATION

I hereby certify that I sought consent to the relief requested in the Motion to Dismiss from Plaintiff Hope Lee-Thomas, proceeding *pro se*. I was unable to obtain consent.

DATED: March 8, 2018                          Respectfully submitted,

_/s/ Bruce R. Parker_
Bruce R. Parker (Bar No. 437418)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
brparker@venable.com
(410) 244-7400
(410) 244-7742 (fax)

*Attorney for Laboratory Corporation of America*

## STATEMENT OF POINTS AND AUTHORITIES

1. Superior Court Rule of Civil Procedure 12(b)(6)

2. *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78 (D.D.C. 2014)

3. *Brown v. Hill*, 174 F. Supp. 3d 66 (D.D.C. 2016)

4. *Chamberlain v. Am. Honda Fin. Corp.*, 931 A.2d 1018 (D.C. 2007)

5. *Hudes v. Aetna Life Ins. Co.*, 806 F.Supp.2d 180 (D.D.C. 2011), *aff'd*, 493 Fed.Appx. 107 (D.C. Cir. 2012)

6. *Johnson v. Quander*, 370 F. Supp. 2d 79 (D.D.C. 2005)

7. *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149 (D.D.C. 2004)

8. *Runkle v. Gonzales*, 391 F. Supp. 2d 210 (D.D.C. 2005)

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| HOPE LEE-THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2018 CA 000263 B |
| | ) | |
| LABCORP | ) | Assigned to: |
| | ) | Judge BRIAN F. HOLEMAN |
| Defendant. | ) | |
| _____ | ) | |

## <u>ORDER</u>

Upon consideration of Defendant's Motion to Dismiss, it is this _____ day of

_____, 2018:

ORDERED that the Defendant's Motion to Dismiss is GRANTED

_____
The Honorable Brian F. Holeman
Superior Court of the District of Columbia

1